**William Thomas MURPHY, d/b/a W. T. Murphy Trucking Co., Plaintiff-Appellant,**

v.

**TEXAS KENWORTH COMPANY, Defendant-Appellee.**

**PACCAR, INC., Third-Party Plaintiff-Appellee, Appellant,**

v.

**TRW, INC., Third-Party Defendant-Appellee.**

**No. 78–1743.**

United States Court of Appeals, Fifth Circuit.

April 17, 1980.

Melvin R. Wilcox, III, Longview, Tex., for plaintiff-appellant.

Richard Grainger, Tyler, Tex., for Texas Kenworth Co.

Rex A. Nichols, Tommy Allison, Longview, Tex., for Paccar, Inc.

David S. Kidder, E. W. Brees, II, Dallas, Tex., for TRW.

Before HILL, KRAVITCH and THOMAS A. CLARK, Circuit Judges.

JAMES C. HILL, Circuit Judge:

This case comes to us after a directed verdict in favor of the defendants. For the reasons stated below, we affirm.

In 1973, appellant bought a Kenworth truck from appellee Texas Kenworth Co. The truck had been manufactured by appellee Paccar, Inc. About one year later, while driving this truck near Abbeville, Alabama, appellant's employee approached a point where the road curved to the left. The truck did not turn with the curve; it went off the right side of the road into a ditch and came to rest after hitting a large tree. An inspection of the truck after the accident revealed that its frame was twisted and that it was a total loss. It was also discovered that a steel shaft which was part of the steering assembly was broken.

Appellant commenced this diversity action in the District Court for the Eastern District of Texas against Texas Kenworth and Paccar, alleging causes of action for negligence, breach of warranty and strict products liability. The complaint asserted that the cause of the accident was the failure of the steel shaft. Paccar filed a third-party complaint for indemnity or contribution against the manufacturer of the shaft, TRW, Inc. Appellant presented two witnesses in addition to himself; Rhoden, the driver of the truck, and Dr. Pedro J. Aragon, a metallurgist. At the close of appellant's case verdicts were entered in favor of the defendants.[1]

In reviewing a trial court's decision on a motion for directed verdict, we are required to analyze the evidence in the light most favorable to the non-movant. *Boeing v. Shipman*, 411 F.2d 365, 374 (5th Cir. 1969) (en banc). A motion for directed verdict may be granted only "[i]f the facts and inferences point so strongly and overwhelmingly in favor of one party that . . . reasonable men could not arrive at a contrary verdict." *Id.* Analyzing the evidence in the manner required by *Boeing*, we hold that appellant failed to present sufficient evidence to justify submitting the case to the jury.

Appellant's case was based almost entirely on the testimony of its expert, Dr. Aragon. On direct examination, Dr. Aragon testified that the break in the shaft probably was caused by fatigue failure resulting from the repeated exertion of tensile forces on the shaft. He further testified that tensile forces sufficient to result in fatigue failure could have been caused by a misaligned pitman arm.

Although the validity of Dr. Aragon's opinion as to the cause of the break was, we think, successfully attacked on cross-examination, we will assume for the sake of argument that the jury could have found that a misalignment in the steering mechanism caused the shaft to break. That does not mean, however, that the trial judge erred in directing a verdict for the defendants. Appellant still had the burden of proving that the defect existed when the truck was purchased and that the defect was the proximate cause and cause-in-fact of the accident. Dr. Aragon gave no opinion as to when the misalignment might have occurred. Appellant merely testified that the truck was well cared for prior to the accident. There was no evidence to the effect that the pitman arm was misaligned at the time the truck was purchased by Murphy or that a misalignment that may have developed at a later date could be attributed to a problem in the manufacturing process. Nor was there evidence from which the jury could have concluded that the truck went

---

1. In view of our holding, we find no need to address appellees' contentions that the negligence and breach of warranty claims were dropped by appellant during trial and that, under Texas law, strict products liability cannot be the basis of a claim for commercial-type damages.

off the road because the shaft broke. On cross-examination, Dr. Aragon testified that the steering wheel probably would have spun freely as soon as the shaft broke. This testimony was not contradicted. Yet, Rhoden testified that while he was attempting to get the truck back on the road the steering wheel felt normal. The only time he noticed the wheel spinning freely was after the truck had come to rest in the ditch.

Giving the testimony of appellant's witnesses complete and unquestioned weight, the evidence showed that the shaft was subject to fatigue, that it may have failed before it should have failed, and that the failure occurred after the truck went out of control. Presented with this evidence, a reasonable jury could not have arrived at a verdict for appellant. The judgment of the district court is, therefore,

AFFIRMED.